**In re Anonymous No. 24 D.B. 79**

REPORT OF THE DISCIPLINARY BOARD
OF THE SUPREME COURT OF
PENNSYLVANIA

## I. STATEMENT OF THE CASE

Respondent was admitted to practice in the Commonwealth of Pennsylvania on November 29, 1976. He is presently a lawyer for [a Federal Agency] in Washington, D.C. and resides in Washington, D.C.

On July 24, 1974 while a law student at the University of [ ], respondent completed and filed an application for registration as a candidate for admission to the Bar of Maryland. On or about March 1, 1976 respondent was notified by the Secretary of the Maryland Board of Law Examiners that the Board of Law Examiners would recommend a rejection of respondent's application for admission to the Maryland Bar if respondent did not withdraw his application. Respondent thereafter withdrew his application for admission to the Maryland Bar. On March 16, 1976 respondent submitted an applicant's questionnaire to take the Pennsylvania Bar Examination to the State Board of Law Examiners of the Commonwealth of Pennsylvania. Among the questions asked was whether he had ever applied for admission to practice as an attorney in any other state or country, to which question respondent answered "no." Subsequently, he took the Pennsylvania Bar Examination, passed, and was admitted.

Thereafter, a petition for discipline was filed against respondent charging him with violation of D.R. 1-101(A) which states: "A lawyer is subject to discipline if he has made a materially false statement in, or if he has deliberately failed to disclose a material fact requested in connection with, his application for admission to the Bar"; and also violating D.R. 1-102(A)(4) and (6), that is, engaging "in conduct involving dishonesty, fraud, deceit, or mis-

representation" and engaging "in any other conduct that adversely reflects on his fitness to practice law."

After hearing testimony and also accepting a stipulation entered into by both parties, the hearing committee found that respondent had violated D.R. 1-101, but had not violated D.R. 1-102(A)(4) and (6). The hearing committee recommended that respondent be suspended for one day.

## II. DISCUSSION

The testimony presented to the hearing committee and the stipulation of facts entered into, as well as the documents entered by both parties, indicate that there was an agreement as to the essential facts.

There is no question here but that respondent did not answer truthfully a question asked on the questionnaire for the Pennsylvania Bar Examination. His reason for answering the question "no" was his understanding when he withdrew his Maryland application that that would nullify the application and he would not be considered to have applied anywhere else. From his testimony, he realizes now that he did not answer the question truthfully, and he should have stated that he had at one time filed an application to take the Maryland Bar Examination. Thus, the committee properly found that he had violated D.R. 1-101(A). However, the board was of the opinion that the proper discipline in this case would be an informal admonition rather than a one day suspension. The board was of the opinion that since respondent is living and working in Washington, D.C., the one day suspension would not be appropriate.

Therefore, it is the decision of the board that respondent is to receive an informal admonition from the Chief Disciplinary Counsel of the Disciplinary Board of the Supreme Court.

## ORDER

HENRY, *Chairman*, And now, May 9, 1980, the report and recommendation of hearing committee dated March 14, 1980, is rejected; and it is ordered and decreed, that the said [respondent], be subjected to an Informal Admonition by Disciplinary Counsel as provided in Rule 204(6) of the Pennsylvania Rules of Disciplinary Enforcement.